IN THE COURT OF CRIMINAL APPEALS
OF TEXAS



NO. WR-73,228-01




EX PARTE LEONARD EDWARD JOHNSON, AKA SAMANTHA LYNN JOHNSON,
Applicant




ON APPLICATION FOR A WRIT OF HABEAS CORPUS
CAUSE NO. W380-80972-04 IN THE 380TH JUDICIAL DISTRICT COURT
FROM COLLIN COUNTY



           Per curiam.
 
O R D E R

            Pursuant to the provisions of Article 11.07 of the Texas Code of Criminal Procedure, the
clerk of the trial court transmitted to this Court this application for writ of habeas corpus. Ex parte
Young, 418 S.W.2d 824, 826 (Tex. Crim. App. 1967). Applicant was convicted of one count of
aggravated sexual assault of a child, and one count of indecency with a child by contact and
sentenced to life imprisonment for the aggravated sexual assault, and fifteen years’ imprisonment
for the indecency. The Eighth Court of Appeals affirmed his conviction. Johnson v. State, No. 08-05-00012-CR (Tex. App. – El Paso, September 14, 2006, pet. ref’d). 
            Applicant contends, inter alia, that his trial counsel rendered ineffective assistance because
counsel refused to allow Applicant to testify on his own behalf. 
            Applicant has alleged facts that, if true, might entitle him to relief. Strickland v. Washington,
466 U.S. 608 (1984); Ex parte Lemke, 13 S.W.3d 791,795-96 (Tex. Crim. App. 2000). In these
circumstances, additional facts are needed. As we held in Ex parte Rodriguez, 334 S.W.2d 294, 294
(Tex. Crim. App. 1960), the trial court is the appropriate forum for findings of fact. The trial court
shall provide Applicant’s trial counsel with the opportunity to respond to Applicant’s claim of
ineffective assistance of counsel. The trial court may use any means set out in Tex. Code Crim.
Proc. art. 11.07, § 3(d). In the appropriate case, the trial court may rely on its personal recollection. 
Id.
            If the trial court elects to hold a hearing, it shall determine whether Applicant is indigent. If
Applicant is indigent and wishes to be represented by counsel, the trial court shall appoint an
attorney to represent Applicant at the hearing. Tex. Code Crim. Proc. art. 26.04. 
            The trial court shall make findings of fact as to whether Applicant’s trial counsel advised
Applicant that the decision of whether or not to testify was solely Applicant’s. The trial court shall
make findings as to whether Applicant expressed a desire to testify, and if so, whether counsel
prevented him from doing so. The trial court shall make findings as to whether the performance of
Applicant’s trial attorney was deficient and, if so, whether counsel’s deficient performance
prejudiced Applicant. The trial court shall also make any other findings of fact and conclusions of
law that it deems relevant and appropriate to the disposition of Applicant’s claim for habeas corpus
relief.
            This application will be held in abeyance until the trial court has resolved the fact issues. The
issues shall be resolved within 90 days of this order. If any continuances are granted, a copy of the
order granting the continuance shall be sent to this Court. A supplemental transcript containing all
affidavits and interrogatories or the transcription of the court reporter’s notes from any hearing or
deposition, along with the trial court’s supplemental findings of fact and conclusions of law, shall
be returned to this Court within 120 days of the date of this order. Any extensions of time shall be
obtained from this Court. 



Filed: January 27, 2010
Do not publish